Brinkerhoff, C. J.
The first section of the act of February 24, 1834, “declaratory of the law concerning contempts of'court” (Swan’s Bev. Stat. 188), and which governs this case, is .in the following words:
“That the power of the several courts of the State of-Ohio to issue attachments and inflict summary punishments for contempts of court, shall not be construed to extend to any cases except to the misbehavior of any person or persons in the presence of the said courts, or so near thereto as to obstruct the administration of justice; the misbehavior of any of the officers of the said courts, in their official transactions, and the disobedience or resistance by any officer of the said court, party, juror, witness, or any other person or persons to any lawful writ, process, order, rule, decree, or command of said courts, which charg’e shall be stated in writing, and the accused shall be heard, in his defense, by himself or counsel.”
We think it sufficiently and fairly apparent from the record, that immediately upon the utterance, by the plaintiff in error, of the words constituting the alleged contempt, without the. charge being “ stated in writing,” and without anything being said or done by him amounting to a waiver of the formality which the statute prescribes, the sentence of the court was at once announced, and judgment thereupon entered accordingly. On this state of the case, we hold:
1. The “ charge mentioned in the concluding clause of the section of the statute above quoted, refers to contempts generally, whatever they may be, as defined in that section;” %nd such charge must be “stated in writing, and the accused” have an opportunity to be “heard in his defense, by himself or counsel,” be *272 fore a final sentence and judgment can be legally given against him, unless he do some act which may be fairly held a waiver of the formalities thus prescribed for his benefit.
2. The clause of the statute prescribing these formalities does not apply to summary verbal orders of arrest for misbehavior in the presence of the court, “ or so near thereto as to obstruct the administration of justice,” nor to attachments for contempt in other cases, where such arrest or attachment is employed in the nature of mesne process, for the purpose of bringing the accused party into court, or of holding him in custody until the prescribed formalities preliminary to the award of final punishment for the contempt can be conveniently instituted.

Judgment reversed.

Scott, Sutliee, and G-holson, JJ., concurred.
Peók, J., was absent.